UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>ROGER E. WALKER, JR., IDOC MEDICAL DIRECTOR, DOCTOR WAGNER, J.C. WHITE and LARRY HOPKINS,<br><br>        Defendants. | Case No. 04-cv-28-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Eric Smith's belated objections to the Report and Recommendation ("Report") (Doc. 18) of Magistrate Judge Philip M. Frazier, which the Court construes as motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment in this case (Doc. 22). On Magistrate Judge Frazier's recommendation and in the absence of timely objections from the plaintiff, the Court dismissed the remaining claims in this action for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). The Court's finding that Smith was not prosecuting this case was based on his failure to keep the Court apprized of his address as required by Local Rule 3.1(b).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington*, 433 F.3d at 546; *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). It appears that the Court was mistaken about Smith's commitment to prosecute this case.

In his pending motion, Smith states that he had forgotten the rule requiring him to notify the Court of his location, and he has provided the location where he has been housed for nearly the past year. He asks the Court to reinstate his case, which he states he wants to pursue, and appoint him counsel.

The Court **GRANTS** the motion to reconsider (Doc. 22), **VACATES** the Court's January 25, 2007, order (Doc. 20) and judgment (Doc. 21), **REINSTATES** this case and **REFERS** this case to Magistrate Judge Frazier pursuant to Local Rule 72.1(a)(2). The Court further **WARNS** the plaintiff that the failure to promptly inform the Court of any change in his location as required by Local Rule 3.1(b), including to provide a full mailing address, may result in dismissal of this case for lack of prosecution without further warning.

To the extent that Smith's filing requests appointment of counsel, the Court **DENIES** the request for the same reasons Magistrate Judge Frazier denied Smith's earlier request on November 29, 2005.

**IT IS SO ORDERED.**
**DATED:  January 31, 2007**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **DISTRICT JUDGE**